UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANGELA JENKSINSON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO.: 4:24-CV-71 |
| | ) |
| RUOFF MORTGAGE COMPANY, INC. AND ERIC COX, | ) |
| | ) |
| DEFENDANTS. | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, by counsel, brings this action against Defendant Ruoff Mortgage Company, Inc. for violation of the Americans with Disabilities Act 42 U.S.C. §12101 *et seq*, and against Ruoff Mortgage Company, Inc. and Eric Cox for violation of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*, and in support of her claims she shows as follows:

**PARTIES**

1. Angela Jenkinson is an individual who resides in Tippecanoe County, Indiana.

2. At the times relevant to her claims, Jenkinson was employed by Ruoff.

3. Ruoff Mortgage Company, Inc. ("Ruoff") is an Indiana corporation with its principal place of business at 1670 Magnavox Way, Fort Wayne, Indiana 46804.

4. At the times relevant to Jenkinson's claims, Ruoff was Jenkinson's employer.

5. Cox is an individual who, upon information and belief, resides in Tippecanoe County, Indiana.

6. At the times relevant to Jenkinson's claims, Cox was Jenkinson's employer within the meaning of the FMLA, 29 U.S.C. §2611(4)(A)(I).

## JURISDICTION AND VENUE

7. This Court properly has jurisdiction over this matter pursuant to 28 U.S.C. §1331 inasmuch as Jenkinson is asserting claims which arise under federal law.

8. This Court is a proper venue for this matter pursuant to 28 U.S.C. §1391 inasmuch as Defendant may be found in this judicial district and because a substantial portion of the events giving rise to Jenkinson's claims took place within this judicial district.

## ADA COVERAGE

9. Jenkinson was Ruoff's employee within the meaning of the ADA, 42 U.S.C. §12111(3).
10. Jenkinson is qualified individual with a disability within the meaning of the ADA, 42 U.S.C. §12131 inasmuch as she was able, with or without a reasonable accommodation, to perform the essential functions of the employment position that she held.
11. Ruoff was Jenkinson's employer within the meaning of the ADA, 42 U.S.C. §12111(5)(A) inasmuch as Ruoff was a person engaged in an industry affecting commerce who had 15 or more employees working each day in 20 or more calendar weeks in the applicable calendar year.

## FMLA COVERAGE

12. Jenkinson was an eligible employee of Ruoff and Cox within the meaning of the FMLA, 29 U.S.C. §2611(2)
13. Jenkinson had a serious health condition, specifically, cancer.
14. Ruoff meets the definitions of an employer under the FMLA, 29 U.S.C. §2611(4).
15. Cox meets the definition of employer under the FMLA, 29 U.S.C. §2611(4)(A)(I).

## FACTUAL ALLEGATIONS

16. Ruoff employed Jenkinson.

17. For the purposes of the FMLA, Ruoff and Cox were Jenkinson's employers.

18. Jenkinson worked at Ruoff's Lafayette, Indiana location.

19. At the times relevant to her claims, Eric Cox was Jenkinson's supervisor.

20. Jenkinson is disabled.

21. Jenkinson is disabled inasmuch as she has a medical condition which significantly restricts a normal bodily function.

22. Specifically, Jenkinson was / is an individual with cancer.

23. Cancer is a disability within the meaning of the ADA inasmuch as it is a condition which significantly restricts ordinary cell growth.

24. During a routine medical examination in November 2022, Jenkinson's physician discovered a concerning mass which had potential to be cancerous.

25. Upon learning of the potential that she might have cancer, Jenkinson informed her supervisor, Eric Cox.

26. Jenkinson informed Cox that she would need to be absent for follow-up appointments.

27. One such follow-up appointment was in December 2022.

28. Prior to the confirmation appointment and without Jenkinson's consent, Cox shared Jenkinson's disclosure of her potential cancer diagnosis with Jenkinson's co-workers.

29. Prior to the confirmation appointment and without Jenkinson's consent, Cox shared with Jenkinson's co-workers his belief that Jenkinson had cancer.

30. The follow-up appointment in December 2022 confirmed that Jenkinson had cancer.

31. Following this appointment, Jenkinson informed her supervisor that she did, in fact, have cancer.

32. Jenkinson initiated cancer treatment.

33. Jenkinson's cancer treatment included chemotherapy.

34. Jenkinson's cancer treatment included radiation.

35. Jenkinson's cancer treatment included surgery.

36. Jenkinson's cancer treatment required that she miss time away from work.

37. During the time that Jenkinson was being treated for cancer, Cox showed disregard for Jenkinson's privacy.

38. During the time that Jenkinson was being treated for cancer, Cox showed disregard for Jenkinson's health.

39. During the time that Jenkinson was being treated for cancer, Cox showed disregard for Jenkinson's mental wellbeing.

40. During the time that Jenkinson was being treated for cancer, Cox repeatedly complained about how inconvenient it was form him that Jenkinson was missing work.

41. During the time that Jenkinson was being treated for cancer, Cox exhibited hostility toward Jenkinson because of the inconvenience it visited upon him.

42. Cox's hostility toward Jenkinson's use of job-protected leave under the FMLA had been exhibited even before Jenkinson's cancer diagnosis, when he complained in July 2022 when Jenkinson missed work due to shingles.

43. Cox's behavior during Jenkinson's July 2022 leave established Cox's pattern of hostility toward and retribution against Jenkinson's use of job-protected leave under the FMLA.

44. Cox's behavior during Jenkinson's July 2022 leave had a chilling effect on Jenkinson's subsequent use of job-protected leave under the FMLA and other leave sought by Jenkinson.

45. Cox's behavior during Jenkinson's July 2022 leave established an environment where Jenkinson felt compelled, to protect her job, to cut her recovery times short.

46. After Jenkinson's cancer treatment had started, Jenkinson pressed her physicians to allow her to return to work early, for fear of losing her job.

47. Upon her premature return to work, on her second day back Cox launched into verbal attacks against Jenkinson.

48. Cox's verbal attacks against Jenkinson exacerbated Jenkinson's medical condition such that she became sick and needed to leave.

49. In response to Jenkinson's need to leave work due to exacerbation of her medical condition, Cox shouted at Jenkinson: "get your ass back in your seat and do the job you were hired to do. You've missed too much time already."

50. In response, Jenkinson pleaded with Cox: "Eric, I had cancer!"

51. Cox responded that he did not care.

52. Following her cancer treatment, Jenkinson scheduled to have breast reconstruction surgery.

53. Breast reconstruction surgery is deemed "medically necessary" by federal law.

54. Jenkinson scheduled the reconstruction surgery to happen on November 20, 2023.

55. Around the time that she scheduled the cancer treatment-related surgery, Jenkinson informed Ruoff of the surgery date.

56. Ruoff uses a company called "Matrix" for administration of its employees' ADA and FMLA leaves.

57. Ruoff, or Ruoff's agent Matrix, informed Jenkinson that it could not accept notice of the treatment-related absence more than 30 days in advance.

58. Jenkinson informed Ruoff or Ruoff's agent Matrix of the surgery on October 27, 2023, providing 25 days' notice.

59. Jenkinson arranged to have her job duties covered by another Ruoff-approved individual, so that there would be no interruption to the workload that Jenkinson ordinarily bore.

60. Ruoff informed Jenkinson that she had exhausted her available time under the FMLA.

61. Jenkinson requested that she be granted additional leave time to undergo her medically necessary, cancer treatment-related surgery.

62. Ruoff's agent, Matrix, recommended that Jenkinson be granted additional time away from work for the medically necessary, cancer treatment-related surgery as a reasonable accommodation under the ADA.

63. Ruoff disregarded Matrix's recommendation.

64. Instead, Ruoff informed Jenkinson on November 17, 2023 – the last workday before Jenkinson's surgery scheduled on Monday, November 20, 2023 – that Jenkinson's request for an accommodation was denied.

65. Ruoff provided Jenkinson with two options: postpone the surgery until she has FMLA time restored, or resign and potentially be re-hired once her cancer treatment was completed.

66. Jenkinson did not accept either option.

67. Ruoff fired Jenkinson.

**COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT BY DISCRIMINATION AND HARASSMENT**

68. Jenkinson was / is a qualified individual with a disability.

69. Eric Cox was Jenkinson's supervisor.

70. Eric Cox berated, harassed, and ultimately terminated Jenkinson.

71. Eric Cox did this because Jenkinson was disabled.

72. Eric Cox did this because Jenkinson sought reasonable accommodation for her disability.

73. Eric Cox would not have berated, harassed, and ultimately terminated Jenkinson had she not been disabled.

74. Eric Cox's conduct toward Jenkinson was unwelcome.

75. Eric Cox's conduct was because of Jenkinson's disability.

76. Eric Cox's conduct was sufficiently severe or pervasive that a reasonable person in Jenkinson's position would find Jenkinson's work environment to be hostile or abusive.

77. Jenkinson found Eric Cox's conduct hostile or abusive.

78. Eric Cox's conduct caused Jenkinson emotional and psychological harm.

79. Eric Cox's conduct caused Jenkinson's medical conditions to worsen or impeded her recovery.

80. Eric Cox's conduct ultimately led to Jenkinson's separation.

81. Jenkinson requested an accommodation for her disability.

82. Eric Cox and Ruoff were aware of Jenkinson's disability at the time of her request.

83. Ruoff failed to provide Jenkinson with a reasonable accommodation.

84. Ruoff failed to interact with Jenkinson in an interactive process in good faith to determine whether a reasonable accommodation existed which would permit Jenkinson to continue her employment.

85. Ruoff harmed Jenkinson by its unlawful conduct.

### COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT BY FAILURE TO ACCOMMODATE

86. Jenkinson requested an accommodation for her disability.

87. Eric Cox and Ruoff were aware of Jenkinson's disability at the time of her request.

88. Ruoff failed to provide Jenkinson with a reasonable accommodation.

89. Ruoff failed to interact with Jenkinson in an interactive process in good faith to determine whether a reasonable accommodation existed which would permit Jenkinson to continue her employment.

90. Ruoff harmed Jenkinson by its unlawful conduct.

### COUNT III: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT BY INTERFERENCE

91. Jenkinson applied for and was certified for job-protected leave under the FMLA.

92. Jenkinson had a serious health condition.

93. Specifically, Jenkinson had cancer.

94. Jenkinson provided appropriate notice to Ruoff and Cox for her use of job-protected leave under the FMLA.

95. Ruoff and Cox interfered with Jenkinson's right to take FMLA leave by discouraging her from taking it.

96. Ruoff and Cox interfered with Jenkinson's right to take FMLA leave by berating her for having used it.

97. Ruoff and Cox interfered with Jenkinson's right to take FMLA leave by complaining to Jenkinson and others about the inconvenience that Cox was forced to endure while Jenkinson was on FMLA leave receiving treatment for her cancer diagnosis.

98. Ruoff and Cox harmed Jenkinson by their unlawful conduct.

### COUNT IV: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT BY RETALIATION

99. Ruoff and Cox took adverse employment action against Jenkinson, motivated at least in part by Jenkinson's request for and use of job-protected leave under the FMLA.

100. Ruoff and Cox would not have taken adverse employment action against Jenkinson if Jenkinson had not requested and used job-protected leave under the FMLA.

101. Ruoff and Cox harmed Jenkinson by their unlawful conduct.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment against Ruoff Mortgage Company, Inc. on her claims arising under the Americans with Disabilities Act, and against Ruoff Mortgage Company, Inc. and Eric Cox with respect to her claims arising under the Family and Medical Leave Act, and prays the following relief:

a. Her lost wages;

b. Liquidated damages;

c. The lost value of the benefits and perquisites of employment;

d. Compensatory damages;

e. Actual damages;

f. Punitive damages;

g. Her attorney's fees;

h. The costs of this action;

i. Restoration to her position with a reasonable accommodation;

j. Such other relief as this Court determines to be necessary and proper.

/s/ Jason R. Ramsland  
Jason R. Ramsland (#29443-29)  
Ramsland Law LLC  
38 W. Main Street  
Suite 124  
Carmel, IN 46032  
765.267.1240  
jason@rams.land

                              Attorney for Plaintiff Angela Jenkinson

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims which are so triable.

                              /s/ Jason R. Ramsland
                              Jason R. Ramsland (#29443-29)